**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Miscellaneous Case No. 20-mc-00145-RM

SPIDER LABS, LTD.,

      Respondent,

v.

JOHN DOE,

      Petitioner.

---

## ORDER

---

This matter is before the Court on Petitioner John Doe's ("Doe") motion to quash the subpoena (ECF No. 1) issued to non-party, Charter Communications, Inc. ("Charter"). Respondent Spider Labs, Ltd. ("Spider Labs") has filed a response to the motion (ECF No. 12), and Doe has filed a reply (ECF No. 14). The parties have also submitted supplemental briefs further addressing the issues in this matter (ECF Nos. 20, 23, 24, 25); the motion is now ripe for decision. For the reasons stated below, the motion is granted.

## I.    BACKGROUND

As it happens, this case is pending in the Southern District of New York, *Spider Labs, Ltd. v. Doe*, No. 1:20-cv-05457-LAP (S.D.N.Y.). Plaintiff in the underlying case, Spider Labs, provides cybersecurity software designed to protect companies utilizing digital advertising by identifying and reducing digital advertising fraud. (ECF No. 1-1 at 2.) Defendant, Doe, is a computer scientist, fraud fighter, and part-time blogger determined to combat advertising fraud on the world wide web. (ECF No. 11 at 1.)

Under perhaps a less conspicuous alias than some assumed by other disguised crime fighters, "Jeff Katzenberg", Doe emailed several of Spider Labs' customers attacking the company's credibility and technology. (ECF No. 1-1 at 2.) Spider labs then sued Doe for (1) defamation, (2) tortious interference with prospective economic advantage, (3) tortious interference with a contractual relationship, and (4) a request for injunctive relief. (ECF No. 1 at 3.)

Spider Labs now seeks to unmask Doe. In its effort to do so, Spider Labs subpoenaed Godaddy.com LLC, Google LLC, LinkedIn Corp., and Charter seeking identifying information for the device Doe used to transmit the allegedly defamatory emails. Merely days before the deadline to produce the requested information, Doe moved to quash each subpoena. The other motions to quash have been granted for reasons discussed below. *See In re Rule 45 Subpoenas Issued to Google LLC & LinkedIn Corp.*, No. 20-MC-80141-VKD, 2020 WL 7202818 (N.D. Cal. Dec. 7, 2020) (*In re Subpoenas to Google & LinkedIn*); *Spider Labs Ltd. v. Doe*, No. MC-20-00039-PHX-SPL, 2020 WL 6262397 (D. Ariz. Oct. 23, 2020).

## II. LEGAL STANDARD

Fed. R. Civ. P. 45 requires a court to quash or modify a subpoena that requires disclosure of privileged or other protected matter (if no exception or waiver applies) or subjects a person to an undue burden. The movant bears the burden of persuasion in a motion to quash a subpoena. *Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421, 424 (E.D.N.Y. 2007). Courts in this Circuit "have recognized that civil subpoenas seeking information regarding anonymous speakers raise First Amendment concerns." *Koch Indus., Inc. v. Does*, No. 2:10-CV-1275DAK, 2011 WL 1775765, at *10 (D. Utah May 9, 2011) (citation omitted). Thus, "[b]efore authorizing subpoenas seeking to strip speakers of their First Amendment right to anonymity, courts require plaintiffs to make a

preliminary showing that their complaint has merit." *Koch Indus., Inc.,* 2011 WL 1775765, at *10.

## III. DISCUSSION

Doe's argument has evolved since the filing of his motion, primarily because of the Orders issued in *In re Subpoenas to Google & LinkedIn* and *Spider Labs Ltd*. Now, in addition to claiming his First Amendment rights require that the subpoena to Charter be quashed, Doe asserts that his motion should be granted based on the doctrine of collateral estoppel. (ECF No. 20 at 1.) Spider Labs rejects both contentions. First, Spider Labs argues that Doe's speech falls outside the sanctuary of the First Amendment because (1) it made a showing of a prima facie case for defamation and (2) Doe lacks standing to invoke this constitutional safeguard. (ECF No. 12 at 1-2.) Second, Spider Labs argues that the Court should decline to collaterally estop adjudication of this matter as it did not get a full and fair opportunity to litigate each issue. (ECF No. 23.)

The Court will first address the applicability of the collateral estoppel doctrine as that matter alone may be determinative of Doe's petition to bar the discovery request.

### A. Collateral Estoppel

Collateral estoppel, also referred to as issue preclusion, "prevents a party that has lost the battle over an issue in one lawsuit from relitigating the same issue in another lawsuit" so long as it has been "determined by a valid and final judgment." *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1297 (10th Cir. 2014) (quotation and citation omitted). By doing so, the doctrine "aims to promote judicial efficiency, encourage reliance on previously adjudicated matters, and avoid inconsistent rules of decision." *Id.*

For collateral estoppel to apply, four elements must be met:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009) (citation omitted).

***The Prior Cases.*** On October 23, 2020, the Arizona court granted Doe's motion to quash Spider Labs' subpoena to GoDaddy, explaining that Spider Labs failed to make a prima facie showing on each element of its defamation claim.[1] *Spider Labs Ltd.*, 2020 WL 6262397, at \*2. Applying New York law, the court found that Spider Labs did "not have the evidence to prove whether statements [Doe] made in his emails were false," and, thus, the most basic element of defamation could not be established. *Id.*

Similarly, on December 7, 2020, the California court granted Doe's motion to quash Spider Labs' subpoenas to Google and LinkedIn, in part, because the issue of whether Spider Labs had established a prima facie case for defamation was previously decided by the Arizona court. *In re Subpoenas to Google & LinkedIn*, 2020 WL 7202818, at \*6. The California court explained that the central issue before it and the Arizona court was identical, the same parties had the opportunity to and actually did litigate the issue, and the Arizona court rendered a final order on the merits.[2] *Id.*

That, however, did not end the California court's inquiry as it also considered whether

---

[1] The Arizona court declined to examine Spider Labs' other claims after finding that it failed to meet all elements of a defamation claim because defamation was "the claim from which all others stem[med]." *Spider Labs Ltd.*, 2020 WL 6262397.

[2] Even though the California court found the parties were estopped from relitigating the issue of whether Spider Labs made a prima facie defamation case, it still addressed the merits of that claim because of the "dearth of authority regarding application of the collateral estoppel doctrine in the context of parallel ancillary discovery proceedings." *In re Subpoenas to Google & LinkedIn*, 2020 WL 7202818, at \*8. After doing so, the California court found Spider Labs failed to present "evidence supporting the first and third elements of its defamation claim." *Id.*

Doe had standing to invoke First Amendment protection since "[t]he parties did not actually litigate and the District of Arizona did not decide" that issue. *Id.* at *7. The California court found that Doe had standing, reasoning that based on facts alleged in the complaint, Doe is a U.S. Citizen who resides in New York, and, thus, meets the minimum requirements to avail himself of this constitutional safeguard. *Id.*

To summarize the issues previously decided, (1) the Arizona and California courts held that Spider Labs failed to make a prima facie showing for its defamation claim and (2) the California court held Doe was entitled to invoke First Amendment protections to quash the subpoena. Based on these prior decisions, the Court finds the doctrine of collateral estoppel applies in this matter.

***First Element.*** First, the issues previously decided by the Arizona and California courts, that Doe is entitled to First Amendment protection and that Spider Labs failed to present facts sufficient to make a prima facie case for defamation, are identical to the ones presented in this matter.

***Second Element.*** Second, when Doe's motions to quash the subpoenas issued in Arizona and California were granted, the matters were finally adjudicated on the merits. In general, "pretrial discovery orders are not final or immediately appealable." *S.E.C. v. Dowdell*, 144 F. App'x 716, 721 (10th Cir. 2005). Nevertheless, "there exist marginal cases falling within a 'twilight zone' of finality." *Dowdell*, 144 F. App'x at 722 (discussing the finality of a district court's order denying a motion to quash a non-party subpoena for purposes of appellate jurisdiction) (citation omitted). For example, where the court addressing a miscellaneous discovery proceeding is not the same one in which the main action is being litigated, the only viable manner in which a party "may challenge the district court's discovery order is through

direct appeal." *Id.* Thus, a sister district court's order barring discovery is sufficiently final for purposes of issue preclusion. *See Veith v. Pennsylvania*, 67 F. App'x 95, 98 (3d Cir. 2003) (explaining that an "order denying the motion [to quash] was 'a final order'") (citation omitted).

The Arizona court has ruled on Doe's motion to quash and subsequently denied Spider Labs' motion for reconsideration. Likewise, the California court has ruled on Doe's motion to quash. Those proceedings before the Arizona and California courts have ended and the orders issued are sufficiently final for purposes of collateral estoppel.

*Third Element.* Third, the party against whom estoppel is invoked, Spider Labs, was a party in both prior cases.

*Fourth Element.* Fourth, Spider Labs had ample opportunity to litigate the issues before the Court. In considering whether a party had a full and fair opportunity to litigate an issue, courts consider "whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties." *Stan Lee Media, Inc.*, 774 F.3d at 1297 (citation and quotation omitted).

Here, there were no procedural limitations in either of the previous proceedings; Spider labs had copious opportunity to brief the issues, filed a motion for reconsideration in the Arizona case, and participated in oral arguments before the California court. Moreover, the Court discerns no indication that Spider Labs lacked incentive to advocate against Doe's motions in the Arizona and California courts or that effective litigation was limited by the parties' relationship. In light of the applicable considerations, Spider labs had a full and fair opportunity to litigate the issues.

Therefore, the Court finds the elements for collateral estoppel to apply are met and gives

preclusive effect to the Orders rendered in the Arizona and California courts.  Accordingly, Spider Labs is collaterally estopped from obtaining the information it seeks from Charter and Doe's motion must be granted.  *See Bounkhoun v. Barnes*, No. 15-CV-631A, 2020 WL 1526917, at *4 (W.D.N.Y. Mar. 30, 2020) (granting non-parties' motions to quash subpoenas because an identical discovery request had previously been rejected by a state court); *Kwolek v. United States*, No. 11-MC-53, 2011 WL 2940984, at *2 (W.D. Pa. July 21, 2011) (finding plaintiff was precluded from relitigating the issue of whether defendant established a prima facie case for enforcement of the summons because another district court had previously decided the issue).

### B.    Attorneys' Fees

The only remaining issue before the Court is whether Doe is entitled to attorneys' fees for moving to quash the subpoena under Fed. R. Civ. P. 45(d)(1).  Pursuant to that provision, a party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," otherwise, the Court can impose an appropriate sanction such as attorney's fees.  Fed. R. Civ. P. 45(d)(1).  An award of fees against a party under Rule 45 is punitive and should be limited to circumstances where a party takes actions during litigation that are "'entirely without color and [have] been asserted wantonly, for purposes of harassment or delay, or for other improper reasons.'"  *Gen. Steel Domestic Sales, LLC v. Chumley*, No. 13-CV-00769-MSK-KMT, 2014 WL 3057496, at *2 (D. Colo. July 7, 2014) (quoting *Sterling Energy, Ltd. v. Friendly Nat. Bank*, 744 F.2d 1433, 1435 (10th Cir.1984)).

In support of his request for sanctions, Doe relies on a case concerning similarly aimed subpoenas to the one at issue in this matter, *In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31*, No. 08-347-ARR-MDG, 2010 WL 2219343, at *11 (E.D.N.Y. Feb. 5, 2010) (*Cablevision Sys. Corp.*).

In *Cablevision Sys. Corp.*, the court found sanctions to be warranted after a creditor issued repeated discovery requests to get information it was previously barred from obtaining. 2010 WL 2219343, at *11. There, a month after the creditor's subpoena of a non-party seeking to discover an anonymous defendant's identity was quashed, the creditor re-subpoenaed the same party for identical information. *Id.* The creditor then issued another subpoena, this time to a different non-party, again seeking to discover the defendant's identity. *Id.* As one would have thought, the *Cablevision Sys. Corp.* court found this conduct to be "troubling." *Id.*

Here, unlike in *Cablevision Sys. Corp.* where the subpoenaing party made repeated attempts over the course of months to discover the same information a court had previously barred it from obtaining, Spider Labs issued its subpoenas on the same day with no prior knowledge of how its request would be resolved. As a result, the Court finds no indication Spider Labs has acted in bad faith. Accordingly, Doe's request for attorneys' fees is denied.

## IV. CONCLUSION

Based on the forgoing, Doe's motion to quash the subpoena (ECF No. 1) to Charter is **GRANTED**.

DATED this 28th day of April, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge